OPINION
{¶ 1} Defendant-Appellant appeals the conviction and sentence by the Muskingum County Court of Common Pleas following a jury determination as to guilt on one count of burglary, one count of theft and one count of receiving stolen property.
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} In February, 2002, Appellant was indicted by the Muskingum County Grand Jury on three separate counts: one count of burglary, in violation of R.C. § 2911.12(A)(3), one count of theft, in violation of R.C. § 2913.02(A)(1), and one count of receiving stolen property, in violation of R.C. § 2913.51(A).
 {¶ 4} Counts One and Two alleged that between October 11, 2000, and October 13, 2000, Appellant entered by force, stealth or deception, an occupied structure located at 9920 Elks Run Road, belonging to Steven M. Klema, with the purpose to deprive Mr. Klema of personal property worth $5,000 or more but less than $100,000.
 {¶ 5} Count Three alleged that between October 22, 2000, and October 23, 2000, Appellant received, retained or disposed of 94 CD's owned by Margie and Paul Brown, knowing or having reasonable cause to believe that such property was obtained through the commission of a theft offense.
 {¶ 6} On October 25, 2002, Appellant was arrested on these charges.
 {¶ 7} On October 30, 2002, Appellant was arraigned on said charges to which he entered "not guilty" pleas.
 {¶ 8} On January 7, 2003, a jury trial commenced in this matter.
 {¶ 9} The State presented testimony from two detectives that two cigarette butts were recovered from the Klema crime scene containing Appellant's DNA.
 {¶ 10} Evidence was also presented by a woman named Betty Dunkle, who testified that Appellant brought a duffel bag of CD's to her house which did not belong to him. She further identified same as the ones brought into her house by Appellant. Further testimony was presented by the Bureau of Criminal Identification which confirmed Appellant's fingerprints on the jewel cases of the CD's.
 {¶ 11} The jury deliberated for two and one half hours and returned guilty verdicts as to each count as charged in the indictment.
 {¶ 12} On February 24, 2003, subsequent to receipt of a pre-sentence investigation, the trial court sentenced Appellant to a term of four years incarceration on Count One, one year on Count Two and eight months on Count Three. Counts One and Two were ordered to be served concurrent to each other but consecutive to Count Three.
 {¶ 13} It is from this conviction and sentence Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE VERDICTS AS TO COUNTS ONE AND TWO OF THE STATE'S INDICTMENT SHOULD BE REVERSED FOR REASON THAT THEY ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} "II. THIS HONORABLE COURT SHOULD OVERTURN THE CONVICTION OF THE DEFENDANT AND REMAND THE CASE FOR FURTHER PROCEEDINGS FOR REASON THAT THE COURT APPOINTED COUNSEL PROVIDED TO THE DEFENDANT ACTED INCOMPETENTLY, SUCH THAT COUNSEL'S ACTIONS PREJUDICED DEFENDANT IN THE PRESENTATION OF HIS DEFENSE."
 {¶ 16} "III. THE TRIAL COURT VIOLATED OHIO REVISED CODE SECTIONS2929.12 AND 2929.14 AND THEREFORE APPELLANT'S SENTENCE SHOULD BE VACATED AND CONCURRENT TERMS IMPOSED."
 I. {¶ 17} In his first assignment of error, Appellant claims that the guilty verdicts as to Counts One and Two were against the manifest weight of the evidence. We disagree.
 {¶ 18} Our standard of review for manifest weight in criminal matters is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175; See also State v. Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 19} The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 20} In the case sub judice, our review of the evidence adduced at trial reveals, and we so find, that the prosecution presented substantial competent and credible evidence upon which the trier of fact could have reasonably concluded that all elements of the offense had been proved beyond a reasonable doubt.
 {¶ 21} Accordingly, based upon the foregoing reasons, Appellant's first assignment of error is denied.
 II. {¶ 22} In his second assignment of error, Appellant argues that he was denied the effective assistance of counsel. We disagree.
 {¶ 23} A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364;Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 24} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 25} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
 {¶ 26} Appellant argues that his trial counsel failed to adequately voir dire the jury as to their exposure to and concept of DNA testing and also failed to request a court appointed expert regarding DNA testing.
 {¶ 27} Upon review, we do not find that either of these alleged failures constitute ineffective assistance of counsel. Such decisions could have been trial strategy. Trial strategy or tactical decisions cannot form the basis for a claim of ineffective assistance of counsel.State v. Clayton (1980), 62 Ohio St.2d 45.
 {¶ 28} Additionally, we fail to find that the outcome of the trial would have been different even if we agreed with Appellant on this issue.
 {¶ 29} Appellant's second assignment of error is denied.
 III. {¶ 30} In his third and final assignment of error, Appellant argues that the trial court violated R.C. 2929.12 and R.C. 2929.14 when it sentenced Appellant to consecutive sentences. We agree.
 {¶ 31} In order to impose consecutive sentences when an offender is convicted of multiple offenses, a trial court must first find consecutive sentencing is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). The court must also find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one or more of the following:
 {¶ 32} "a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense;
 {¶ 33} "b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or
 {¶ 34} "c) the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 35} The trial court, in its February 25, 2003 Judgment Entry, found that consecutive sentences were necessary "inasmuch as the defendant's conduct was such that he poses the greatest likelihood of committing future crimes." However, at the sentencing hearing, the trial court did not orally make its findings and state its reasons on the record as required. State v. Comer, 99 Ohio St.3d 467, 2003-Ohio-4165.
 {¶ 36} Based on the foregoing, we find Appellant's third assignment of error well taken and sustain same.
 {¶ 37} The decision of the Muskingum County Court of Common Pleas is affirmed in part and reversed in part. The consecutive sentences are vacated and this matter is remanded back to the trial court for resentencing in accordance with with R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c).
By: Boggins, J., Farmer, P.J., concurs.