OPINION
{¶ 1} Appellant John Edward Paynter appeals from his sentencing on three felonies in the Muskingum County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} In February, 2002, appellant was indicted by the Muskingum County Grand Jury on one count of burglary, one count of theft, and one count of receiving stolen property. On October 25, 2002, appellant was arrested on these charges. He pled not guilty, and the matter proceeded to a jury trial on January 7, 2003.
 {¶ 3} The jury returned guilty verdicts as to each count as charged in the indictment. On February 24, 2003, subsequent to receipt of a pre-sentence investigation, the trial court sentenced appellant to a term of four years incarceration on Count One, one year on Count Two and eight months on Count Three. Counts One and Two were ordered to be served concurrent to each other but consecutive to Count Three.
 {¶ 4} Appellant filed a direct appeal from his conviction and sentence. Upon review, we affirmed in part and reversed in part. The case was remanded to the trial court for resentencing in accordance with R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c). See State v. Paynter, Muskingum App. No. CT2003-0014, 2003-Ohio-5367.
 {¶ 5} Upon remand, the trial court conducted a sentencing hearing on November 24, 2003. A judgment entry was issued on March 4, 2004. Appellant was sentenced to four years on Count One, eleven months on Count Two, and eleven months on Count Three, with all three sentences to be served concurrently.
 {¶ 6} On April 2, 2004, appellant filed a notice of appeal. On July 2, 2004, appellant's counsel, Attorney John Petit, filed an Anders brief and a motion to withdraw. Appellant filed a pro se brief on August 30, 2004. He herein raises the following two Assignments of Error:
 {¶ 7} "I. The trial court committed prejudicial reversable (sic) error in imposing more than the minimum sentence upon the offender who has not served a prior prison term.
 {¶ 8} "II. The trial court erred by imposing a non-minimum sentence on an offender based on facts not found by the jury nor admitted by defendant-appellant."
 Standard of Review {¶ 9} Pursuant to the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a sentence is set forth in R.C. 2953.08. Specifically, 2953.08(A) presently reads:
 {¶ 10} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 11} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
 {¶ 12} "(a) The sentence was imposed for only one offense.
 {¶ 13} "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 {¶ 14} "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13
of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 {¶ 15} "(3) The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A)(3) of section 2971.03
of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, `sexually violent offense' and `sexually violent predator' have the same meanings as in section 2971.01 of the Revised Code.
 {¶ 16} "(4) The sentence is contrary to law.
 {¶ 17} "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(b) of section 2929.14 of the Revised Code.
 {¶ 18} "(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."
 {¶ 19} Additionally, pursuant to State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, and its progeny, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing when imposing consecutive or maximum sentences.
 I. {¶ 20} In his First Assignment of Error, appellant contends the trial court erred in imposing "more than the minimum" sentences on the three felony counts. We disagree.
 {¶ 21} R.C. 2929.14(B) requires the sentencing court to consider the minimum prison term, if the offender was not in prison at the time of the offense, or has not previously served a prison term, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B) does not require the trial court to give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Carter, Coshocton App. No. 04CA8, 2004-Ohio-6365, ¶ 22, citing State v. Edmonson,86 Ohio St.3d 324, syllabus, 1999-Ohio-110.
 {¶ 22} In the case sub judice, the trial court made the following pertinent findings on the record at the remanded sentencing hearing:
 {¶ 23} "First of all, you were convicted by a jury of three offenses; the first offense being a felony of the third degree, the other two offenses both being felonies of the fifth degree. The Court finds that a prison sentence would be appropriate due to the fact of the nature of the offenses, your prior criminal history, and the Court also finds that the minimum sentence would demean the seriousness of the offense and also not adequately protect society." Tr. at 6.
 {¶ 24} Accordingly, we find no reversible sentencing error under R.C.2929.14(B), as urged by appellant.
 {¶ 25} Appellant's First Assignment of Error is overruled.
 II. {¶ 26} In his Second Assignment of Error, appellant argues the trial court erred in imposing "more than the minimum" sentences based on facts neither found by a jury nor admitted by appellant. We disagree.
 {¶ 27} In Blakely v. Washington (2004), 124 S.Ct. 2531, 159 L.Ed.2d 403, the United States Supreme Court held that if a defendant's sentence is increased beyond the maximum range allowed for the offense, the facts to support that increase must either be heard by a jury under a beyond a reasonable doubt standard, or admitted by the defendant. See, also,Apprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348,147 L.Ed.2d 435. However, "[t]he additional findings necessary to impose a more than minimum sentence on a first time offender under R.C. 2929.14(B) are neither findings of fact nor the type of finding traditionally consigned to a jury such that the Sixth Amendment would encompass them within its grasp." State v. Rowles, Summit App. No. 22007, 2005-Ohio-14, ¶ 19. Where a defendant's individual sentences are each less than the statutory maximum, Blakely and Apprendi are not applicable. See State v.Taylor, 158 Ohio App.3d 597, 2004-Ohio-5939, ¶ 25-26. Likewise, inState v. Small, Delaware App. No. 04CAA04032, 2005-Ohio-169, we found no merit in a defendant's claim under Blakely concerning a sentence for more than minimum terms. Id. at ¶ 31.
 {¶ 28} Accordingly, we herein find no merit in appellant's claim, pursuant to Blakely, that the trial court erroneously sentenced him to more than minimum terms on his felony convictions.
 {¶ 29} Appellant's Second Assignment of Error is therefore overruled.
 Anders Analysis {¶ 30} In Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, the United States Supreme Court established five criteria which must be met before a motion to withdraw may be granted:
 {¶ 31} (1) A showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous.
 {¶ 32} (2) A showing a motion to withdraw has been filed by appellant's counsel.
 {¶ 33} (3) The existence of a brief filed by appellant's counsel raising any potential assignments of error.
 {¶ 34} (4) A showing appellant's counsel provided to the appellant a copy of said brief.
 {¶ 35} (5) A showing appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. See Statev. Jennings (July 2, 1999), Richland App. No. 98-CA-24.
 {¶ 36} We find the criteria established in Anders have been met in the case sub judice. In addition to addressing the above pro se assigned errors, we have independently examined the entire record in this matter, and we agree with the conclusion of counsel for appellant that there are no arguably meritorious issues or errors to be raised or decided on appeal. As such, this Court hereby grants Attorney Petit's motion to withdraw.
 {¶ 37} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.
Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. We further grant Attorney Petit's motion to withdraw.
Costs to appellant.