OPINION
{¶ 1} Appellant John Edward Paynter appeals from his sentencing on three felonies in the Muskingum County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} In February, 2002, appellant was indicted by the Muskingum County Grand Jury on one count of burglary, one count of theft, and one count of receiving stolen property. On October 25, 2002, appellant was arrested on these charges. He pled not guilty, and the matter proceeded to a jury trial on January 7, 2003.
 {¶ 3} The jury returned guilty verdicts as to each count as charged in the indictment. On February 24, 2003, subsequent to receipt of a pre-sentence investigation, the trial court sentenced appellant to a term of four years incarceration on Count One, one year on Count Two and eight months on Count Three. Counts One and Two were ordered to be served concurrent to each other but consecutive to Count Three for an aggregate sentence of four years and eight months.
 {¶ 4} Appellant filed a direct appeal from his conviction and sentence. Upon review, we affirmed in part and reversed in part. The case was remanded to the trial court for re-sentencing in accordance with R.C. 2929.14(E) (4) and R.C. 2929.19(B) (2) (c). See State v. Paynter, Muskingum App. No. CT2003-0014,2003-Ohio-5367.
 {¶ 5} Upon remand, the trial court conducted a sentencing hearing on November 24, 2003. A judgment entry was issued on March 4, 2004. Appellant was sentenced to four years on Count One, eleven months on Count Two, and eleven months on Count Three, with all three sentences to be served concurrently.
 {¶ 6} On April 2, 2004, appellant filed a notice of appeal, raising the following two Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT COMMITTED PREJUDICIAL REVERSABLE (SIC) ERROR IN IMPOSING MORE THAN THE MINIMUM SENTENCE UPON THE OFFENDER WHO HAS NOT SERVED A PRIOR PRISON TERM.
 {¶ 8} "II. THE TRIAL COURT ERRED BY IMPOSING A NON-MINIMUM SENTENCE ON AN OFFENDER BASED ON FACTS NOT FOUND BY THE JURY NOR ADMITTED BY DEFENDANT-APPELLANT."
 {¶ 9} This Court affirmed the trial court's decision. SeeState v. Paynter, Muskingum App. No. CT2003-0015,2005-Ohio-2911.
 {¶ 10} Appellant appealed to the Ohio Supreme Court. The Supreme Court reversed our decision and remanded the appellant's case for re-sentencing in accordance with State v. Foster109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. See, In re: OhioCriminal Sentencing Statutes Cases, 109 Ohio St.3d 313,2006-Ohio-2190.
 {¶ 11} Upon remand the trial court conducted a sentencing hearing on May 22, 2006. A Judgment Entry was filed on June 5, 2006. Appellant was sentenced to five (5) years on Count One, eighteen months on Count Two, and twelve (12) months on Count 3, with all three sentences to be served concurrently for an aggregate sentence of five (5) years.
 {¶ 12} It is from this sentence appellant now appeals, assigning the following errors for review:
 {¶ 13} "I. THE TRIAL COURT ERRED AND THE DEFENDANT/APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN THE TRIAL COURT IMPOSED AN ENHANCED SENTENCE AGAINST THE DEFENDANT/APPELLANT AFTER THE OHIO SUPREME COURT REVERSED AND REMANDED HIS CASE TO THE TRIAL COURT FOR RE-SENTENCING.
 {¶ 14} "II. THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT/APPELLANT UNDER STATE V. FOSTER, VIOLATING THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION."
 I. {¶ 15} In his first assignment of error, appellant maintains that the new, harsher sentence after the Supreme Court of Ohio reversed and remanded his case for a new sentencing hearing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, was a result of vindictiveness and thus a violation of appellant's due process rights.
 {¶ 16} In North Carolina v. Pearce (1969), 395 U.S. 711,89 S.Ct. 2072, the Supreme Court set aside the sentence of a state prisoner who had successfully appealed his conviction but upon remand was given a harsher sentence. The Court stated that a defendant's due process rights were violated when, after a successful appeal, a harsher sentence was imposed as a result of vindictiveness. The Court went on to hold that, if a more severe sentence is imposed following appeal, the reasons for the harsher sentence must appear on the record and must be "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. at 726, 89 S.Ct. at 2081. Subsequent to the decision in Pearce, the Supreme Court decided Wasman v.United States (1984), 468 U.S. 559, 104 S.Ct. 3217,82 L.Ed.2d 424. In Wasman, the Court clarified its Pearce holding by making it clear that enhanced sentences on remand were not prohibited unless the enhancement was motivated by actual vindictiveness against the defendant as punishment for having exercised his constitutionally guaranteed rights.468 U.S. at 568, 104 S.Ct. at 3222-23. The Supreme Court further clarified the Pearce doctrine in Alabama v. Smith (1989), 490 U.S. 794,109 S.Ct. 2201 explaining that, unless there was a "reasonable likelihood" that the increased sentence was the product of actual vindictiveness, the burden was on the defendant to show actual vindictiveness. Id. at 799, 109 S.Ct. at 2204-05.
 {¶ 17} Pearce permits a court to impose a higher sentence on remand, but simultaneously requires that court to give reasons based upon objective information concerning identifiable conduct on the part of the defendant, 395 U.S. at 726, 89 S.Ct. 2072. "Relevant conduct or events" sufficient to overcome the presumption of vindictiveness are those that throw "new light upon the defendant's `life, health, habits, conduct, and mental and moral propensities.'" Id. at 570-71, 104 S.Ct. 3217 (quotingWilliams v. New York (1949), 337 U.S. 241, 245, 69 S.Ct. 1079). In the end, a court imposing a higher sentence on remand must "detail the reasons for an increased sentence or charge" so that appellate courts may "ensure that a non-vindictive rationale supports the increase." Id. at 572, 104 S.Ct. 3217.
 {¶ 18} In Pearce, supra, the prosecution offered no evidence to justify the increased sentence of the defendant and made no effort to explain or justify the increased sentence. Likewise, in the case sub judice, the trial court imposed an enhanced sentence without providing any explanation for doing so. Although the trial court heard testimony from the probation officer the information conveyed was available to the court at the time of appellant's sentencing on February 24, 2003 and re-sentencing on March 4, 2004. "[T]he record must show more than that the judge simply articulated some reason for imposing a more severe sentence. The reason must have at least something to do with conduct or an event, other than the appeal, attributable in some way to the defendant." United States v. Rapal (9th Cir. 1998), 146 F.3d 661, 664. At re-sentencing, the court did not identify any "relevant conduct or events" that came to its attention during the time that passed between appellant's second and third sentencing. United States v. Jackson (6th Cir. 1999), 181 F.3d 740, 747.
 {¶ 19} Because due process compelled the trial court to affirmatively explain the increase in its sentence in order to overcome the Pearce presumption of vindictiveness, we find that the reasons given by the trial court fail to ensure that a non-vindictive rationale led to the second, higher sentence.States v. Jackson, supra, 181 F.2d at 746. Accordingly, the presumption of vindictiveness arises, and is not overcome by any trial court findings affirmatively appearing in the record. Since the record is barren of justifiable reasons to rebut the Pearce
presumption, the assignment of error is sustained. On the authority contained in Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, the sentence is modified to the sentence of four (4) years on Count One, eleven (11) months on Count Two, and eleven (11) months on Count Three, with all three sentences to run concurrent as initially imposed by the trial court's March 4, 2003 Judgment Entry and this case is remanded for execution of such modified sentence. State v. Carty, 8th Dist. No. 79213, 2002-Ohio-502; City of Portsmouth v. Skaggs,
(Nov. 10, 1987), 4th District No. 1634.
 {¶ 20} Appellant's first assignment of error is sustained.
 II. {¶ 21} In his second assignment of error appellant argues that the retroactivity principles of the Fifth Amendment's Due Process Clause preclude the retroactive application of the remedial holding of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470 [hereinafter cited as "Foster"] which excised portions of R.C. 2929.14. As we explain below, we reject appellant's argument and hold that he was properly re-sentenced according to the principles set forth in Foster
and United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621.[Hereinafter cited as "Booker"].
 {¶ 22} In Booker the United States Supreme Court issued two separate majority opinions. First, Justice Stevens wrote for the Court and held that the rule announced in Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 applied to the Guidelines. Booker, 125 S.Ct. at 745. He based his opinion on the premise that the Guidelines were mandatory and imposed binding requirements on all sentencing judges. Id. at 749. Second, and in light of Justice Stevens' holding, Justice Breyer wrote for the Court and invalidated two provisions of the Sentencing Reform Act of 1984 that had the effect of making the Guidelines mandatory. Id. at 756. The Court instructed that both holdings-the Sixth Amendment holding and the remedial interpretation of the Sentencing Act-should be applied to all cases on direct review. Id. at 769.
 {¶ 23} In State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470 the Court found, in relevant part to appellant's assignment of error, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C. 2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61. The Court found this provision, as well as others not germane to this appeal, to be unconstitutional under the United States Supreme Court decisions in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v. Washington
(2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. Essentially, this portion of the Foster opinion is in line with Justice Stevens' opinion in Booker, i.e. judicial fact-finding violates the Sixth Amendment "jury trial."
 {¶ 24} However, the Ohio Supreme Court in Foster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus. Thus, this portion of the Foster opinion is similar to the remedial provision of Justice Breyer's opinion inBooker.
 {¶ 25} The Court in Foster provided the following instructions to the lower courts: "[t]hese cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion".
 {¶ 26} Appellant essentially asks this court to apply Justice Stevens' opinion in Booker retroactively, but refuse to apply Justice Breyer's opinion in Booker retroactively. UnitedStates v. Duncan (11th Cir. 2005), 400 F.3d 1297, 1304.
 {¶ 27} Specifically, he argues that, under Griffith v.Kentucky, 479 U.S. 314, 327-28, 107 S.Ct. 708, 93 L.Ed.2d 649
(1987), defendants in pending cases must be afforded the benefit of a constitutional rule such as Justice Stevens' Sixth Amendment holding. But retroactive application of new judicial interpretations of criminal statutes, appellant argues, is barred by the ex post facto principles that informed the Supreme Court's due process decision in Bouie v. City of Columbia (1964),378 U.S. 347, 353-55, 84 S.Ct. 1697, 12 L.Ed.2d 894. In short, appellant seeks the benefit of Justice Stevens' opinion-which, standing alone, would require the facts supporting his sentence to be admitted or proved beyond a reasonable doubt-without the burden of remedial severance interpretation of the Foster
opinion-which instead resolves the Sixth Amendment problem by removing R.C. 2929.14(B) in its entirety.
 {¶ 28} Appellant essentially seeks the benefit of a state of law that never existed; he wants "a sentence that comports with the Sixth Amendment requirements of Booker [and Foster], but wants to avoid the possibility of a higher sentence under the remedial holdings of Booker [and Foster]." United States v.Jamison (7th Cir. 2005), 416 F.3d 538, 539; see alsoUnited States v. Dupas (9th Cir. 2005), 419 F.3d 916,920; UnitedStates v. Farris (7th Cir. 2006), 448 F.3d 965, 969.
 {¶ 29} Article I of the U.S. Constitution provides that neither Congress nor the states shall pass an "ex post facto Law." See U.S. Const. art. I, § 9, cl. 3; art. I, § 10, cl. 1. The Ohio Constitution contains a similar provision. See, Ohio Const. Art. 2, § 28. Although the Ex Post Facto Clause limits the legislature instead of the judiciary, "limitations on ex postfacto judicial decision-making are inherent in the notion of due process." Rogers v. Tennessee (2001), 532 U.S. 451, 456,121 S.Ct. 1693, 149 L.Ed.2d 697. In the context of judicial decision-making, a defendant has "a right to fair warning of that conduct which will give rise to criminal penalties." Marks v.United States (1977), 430 U.S. 188, 191, 97 S.Ct. 990,51 L.Ed.2d 260. Appellant claims that the United States Supreme Court in Booker and the Ohio Supreme Court in Foster altered sentencing law in a manner detrimental to him and thereby violated his due process right to fair warning. United States v.Farris, supra 448 F.3d at 967.
 {¶ 30} Appellant in the case at bar was subject to criminal prosecution for his conduct at the time the crimes were committed. Appellant therefore cannot complain of a lack of fair warning that his conduct could be treated as a criminal offense. See Weaver v. Graham, 450 U.S. at 28-29, 101 S.Ct. 960,67 L.Ed.2d 17 (noting that the Ex Post Facto Clause assures that "legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed").State v. Walls, 96 Ohio St.2d 437, 446, 2002-Ohio-5059 at ¶ 27,775 N.E.2d 829, 840. Appellant argues that applying the remedial provision of Foster to his case would inflict a greater punishment for the crimes than the law annexed to the crimes at their commission in the year 2000.
 {¶ 31} Retroactive changes in the measure of punishment are impermissibly ex post facto if they subject a defendant to a more severe sentence than was available at the time of the offense. See Lindsey v. Washington (1937), 301 U.S. 397, 401,57 S.Ct. 797, 81 L.Ed. 1182; State v. Walls, 96 Ohio St.2d at 447,2002-Ohio-5059 at ¶ 29, 775 N.E.2d at 841.
 {¶ 32} Appellant must show that applying the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision to his case actually "produce[d] a sufficient risk of increasing the measure of punishment attached to" his crime. California Dept. ofCorrections v. Morales (1995), 514 U.S. 499, 510,115 S.Ct. 1597, 131 L.Ed.2d 588. A "speculative and attenuated" possibility that the statutory change has increased the measure of punishment will not constitute an ex post facto violation. Id. In other words, appellant must demonstrate that he had more than a speculative chance under the old law of receiving probation.State v. Walls, supra, 96 Ohio St.2d at 448, 2002-Ohio-5059 at ¶ 30, 775 N.E.2d at 841.
 {¶ 33} In light of the fact that the trial judge in the case at bar did not sentence appellant to probation under the law as it existed at the time appellant was sentenced on February 24, 2003 and re-sentencing on March 4, 2004, it is apparent that appellant's argument must fail.
 {¶ 34} R.C. 2929.14(B), in effect at the time appellant was originally sentenced stated:
 {¶ 35} "[I] f the court imposing a sentence upon an offender for a felony elects or is required to impose a prisonterm on the offender, the court shall impose the shortestprison term authorized for the offense pursuant to division (A) of this section [setting forth the basic ranges], unless one ormore of the following applies:
 {¶ 36} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 37} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 {¶ 38} As the Supreme Court of Ohio noted in Foster:
"[t]hus, Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will `demean the seriousness' of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term". Foster, 109 Ohio St.3d at 19, 2006-Ohio-856 at ¶ 19,845 N.E.2d at 490. The remedy applied by the Court in Foster is to sever the offending provisions including R.C. 2929.14(B). The Court noted: "[a]ll references to mandatory judicial fact-finding properly may be eliminated in the four areas of concern. Without the mandatory judicial fact-finding, there is nothing to suggest a `presumptive term'". Foster, 109 Ohio St.3d at 29,2006-Ohio-856 at ¶ 96, 845 N.E.2d at 497. Accordingly, the Court in Foster did not simply sever the judicial fact-finding portion of R.C. 2929.14(B); rather the Court found that the presumption for the shortest prison term only existed if the trial courts were free to overcome the presumption based upon the offender's history or the particular facts of the case. The natural corollary to this finding is that the legislature never mandated a mandatory minimum sentence upon every offender who had not previously served a prison term.
 {¶ 39} As previously noted appellant essentially seeks the benefit of a state of law that never existed. Appellant was never guaranteed that he would receive the minimum prison term. However, that is the result that the appellant would have this court mandate by retroactively applying the constitutional decision in Foster while refusing to apply the remedial holding of Foster.
 {¶ 40} Appellant was aware at the time he committed the crimes that the court would engage in fact-finding in determining the appropriate sentence within the sentencing range to impose. In Foster the court noted: "[t]wo statutory sections apply as a general judicial guide for every sentencing. The first, R.C.2929.11, states that the court `shall be guided by' the overriding purposes of felony sentencing, which are `to protect the public from future crime by the offender and others and to punish the offender.' In achieving those purposes, the court shall also consider the need for incapacitation, deterrence, rehabilitation, and restitution. A felony sentence `shall be reasonably calculated to achieve the two overriding purposes of felony sentencing' and be `commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.' A sentence may not be based upon the race, ethnic background, gender, or religion of the offender . . . The second general statute, R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C.2929.12. These statutory sections provide a nonexclusive list for the court to consider." Foster,109 Ohio St.3d at 12-13; 2006-Ohio-856 at ¶ 36-37, 845 N.E.2d at 484-85. [Footnotes omitted]. These provisions were found to be constitutional and therefore have not been excised under the remedial severance portion of the decision. See, State v.Mathis, 109 Ohio St.3d 54, 61, 2006-Ohio-855 at ¶ 38,846 N.E.2d 1, 8. Thus, even if the remedial holding inFoster were not applied in the case of an offender who has not previously served a prison sentence, such as appellant, trial courts would have the discretion to overcome the minimum sentence pursuant to R.C. 2929.11 and R.C. 2929.12. As these statutes were in existence at the time appellant committed the crimes, the appellant had sufficient warning of the potential consequences of his actions to satisfy the due process concerns articulated in Rogers.
 {¶ 41} Appellant does not have the right to a windfall sentence under an unconstitutional scheme, but only the right to a new sentencing proceeding under a constitutional one. Under the current remedy as set forth in Foster appellant was entitled to a new sentencing hearing, unencumbered by the presumptive term and unencumbered by the judicial fact-finding necessary to overcome the presumption. Nothing prohibited the trial judge from sentencing appellant to the minimum term for his offenses. By the same token the trial judge was not mandated by statute to make findings or to impose a sentence in excess of the minimum sentence. Appellant was not subjected to a higher sentence than the one originally imposed. We are not judicially increasing the range of appellant's sentence and retroactively applying a new statutory maximum to an earlier committed crime. As such, our holding does not disadvantage the appellant. State v. Natale
(2005), 184 N.J. 458, 492, 878 A.2d 724,743.
 {¶ 42} We conclude that retroactive application of the remedy in this case does not run afoul of the state or federal prohibitions against ex post facto laws. Id. Additionally, we would note that under the federal sentencing guidelines as applied in light of the Booker decision "defendant's due process [and ex post facto] argument has been justifiably rejected by the Courts of Appeals that have considered it. See,e.g., United States v. Lata, 415 F.3d 107 (1st Cir. 2005);United States v. Vaughn, 430 F.3d 518 (2d Cir. 2005), cert.denied ___ U.S. ___, 126 S.Ct. 1665, 164 L.Ed.2d 405 (2006);United States v. Scroggins, 411 F.3d 572 (5th Cir. 2005);United States v. Jamison, 416 F.3d 538 (7th Cir. 2005); UnitedStates v. Dupas, 417 F.3d 1064 (9th Cir. 2005), amended by419 F.3d 916 (9th Cir. 2005), cert. denied ___ U.S. ___,126 S.Ct. 1484, 164 L.Ed.2d 261 (2006); United States v. Rines,419 F.3d 1104, 1106 (10th Cir. 2005), cert. denied ___ U.S. ___,126 S.Ct. 1089, 163 L.Ed.2d 905 (2006); and United States v.Duncan, 400 F.3d 1297 (11th Cir. 2005), cert. denied ___ U.S. ___, 126 S.Ct. 432, 163 L.Ed.2d 329 (2005)". United State v.Shepherd (6th Cir 2006), 453 F.3d 702, 705-706.
 {¶ 43} Accordingly, appellant's second assignment of error is overruled.
 {¶ 44} The judgment of the Court of Common Pleas for Muskingum County is reversed, on the authority contained in Section 3(B) (2), Article IV of the Ohio Constitution and R.C.2953.07, the sentence is modified to the sentence of four (4) years on Count One, eleven (11) months on Count Two, and eleven (11) months on Count Three, with all three sentences to run concurrent as initially imposed by the trial court's March 4, 2003 Judgment Entry and this case is remanded for execution of such modified sentence. State v. Carty, 8th Dist. No. 79213, 2002-Ohio-502; City of Portsmouth v. Skaggs, (Nov. 10, 1987), 4th District No. 1634.
 {¶ 45} For the foregoing reasons, the sentence is modified and the case remanded to the trial court for execution of the sentence.
By Gwin, P.J., and Boggins, J., concur; Edwards, J., concurs.