OPINION *Page 2 
{¶ 1} Defendant-appellant Ted S. Copperman appeals his sentence entered by the Muskingum County Court of Common Pleas on two counts of gross sexual imposition, after the trial court found appellant guilty upon its acceptance of appellant's guilty plea. Plaintiff-appellee is the State of Ohio.
 {¶ 2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 3} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 4} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE CASE AND FACTS {¶ 5} On November 13, 2003, the Muskingum County Grand Jury indicted appellant on two counts of gross sexual imposition, in violation of R.C.2907.05(A)(4), and two counts of kidnapping, in violation of R.C.2905.01(A)(4). The kidnapping counts also carried sexual motivation specifications. Appellant appeared for arraignment on November 19, 2003, and entered pleas of not guilty to all the charges contained in the indictment. On April 29, 2004, appellant appeared before the trial court and withdrew his former pleas of not guilty and pled guilty to the two counts of gross sexual imposition. The State agreed to nully the two counts of kidnapping at the sentencing *Page 3 
hearing. Following a Crim.R. 11 colloquy, the trial court accepted appellant's guilty pleas and ordered a presentence investigation.
 {¶ 6} The matter came on for a sexual predator hearing and sentencing on July 12, 2004. The trial court granted the State's request for leave to nully the two counts of kidnapping with sexual motivation specifications. Thereafter, the trial court heard evidence regarding the sexual predator classification. Following this testimony, the trial court adjudicated appellant a sexual predator based upon the factors set forth in R.C. 2950.09(B)(2). Thereafter, the trial court proceeded to hear testimony for the sentencing stage of the hearing. After hearing the testimony of Melanie Richert, the probation officer who conducted the presentence investigation, the trial court sentenced appellant to a prison term of four years on each count and ordered the counts be served consecutively. The trial court memorialized the sentence via Entry filed July 15, 2004.
 {¶ 7} Appellant appealed his sentence and conviction to this Court, which by Opinion and Entry dated July 19, 2005, reversed and remanded the matter to the trial court having found that the trial court failed to make all the findings required by the R.C. 2929.14(E)(4).
 {¶ 8} Following the remand for re-sentencing entered by this Court on August 1, 2005, the trial court re-sentenced appellant to a definite term of imprisonment of four years on each count. The trial court ordered jail terms to run consecutively. The trial court journalized the sentence via Entry filed October 17, 2005.
 {¶ 9} Appellant again appealed his conviction and sentence to this court which by Opinion and Entry dated June 14, 2006, reversed and remanded the matter to the *Page 4 
trial court a second time pursuant to the Ohio Supreme Court's mandate in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 10} Upon remand, on July 24, 2006, the trial court re-sentenced Appellant to an increased sentence of five years on each of the third degree felonies, to be served consecutively. Said sentence was two years greater than Appellant's previously imposed sentence. The trial court did not state its reasons for the imposition of a greater sentence.
 {¶ 11} It is from this entry Appellant filed his appeal, raising the following assignment of error:
 {¶ 12} "I. THE TRIAL COURT ERRED AND THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN THE TRIAL COURT IMPOSED AN ENHANCED, MAXIMUM, CONSECUTIVE SENTENCE AGAINST THE APPELLANT AFTER THE COURT OF APPEALS OF THE FIFTH APPELLATE DISTRICT REVERSED AND REMANDED HIS CASE TO THE TRIAL COURT FOR RESENTENCING."
 {¶ 13} However, on November 22, 2006, subsequent to this Court's opinion in State v. Paynter, CT2006-0034, 2006-Ohio-5542, the trial court sua sponte brought Appellant Copperman back from prison and re-sentenced him to the originally imposed sentence of four years on each felony with such sentences to be served consecutively for a total of eight years.
 {¶ 14} Appellant then filed a Supplemental Brief with this Court, arguing that "[t]he Court did not enunciate any rationale for sentencing Defendant Copperman to more than the minimum sentences or to again providing consecutive, sentences" and *Page 5 
stating that Appellant "maintains his position that the trial court has no right to sentence him to more than a minimum sentence and further has no right to sentence him to consecutive sentences particularly since the trial court did not proclaim any rationale or explanation to the sentences enunciated by the trial court."
 {¶ 15} We therefore find that Appellant is assigning the following error for review:
 SUPPLEMENTAL ASSIGNMENT OF ERROR {¶ 16} "THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON TERM LONGER THAN THE PRESUMPTIVE MINIMUM FOR A DEFENDANT WHO HAD NOT PREVIOUSLY SERVED A PRISON TERM, BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY THE DEFENDANT."
 I. {¶ 17} In his supplemental brief, Appellant challenges the imposition of more than the maximum sentences which were ordered to be served consecutively.
 {¶ 18} Pursuant to Foster, supra, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C.2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus.
 {¶ 19} In the case at bar, appellant was convicted of two third degree felonies. The applicable sentencing range pursuant to R.C 2929.14(A)(4) is one to five years.
 {¶ 20} The maximum sentence a judge may impose after Foster is the "statutory maximum." In this case that is five years. Appellant's sentence of four years, consecutive, is within the range provided by statute. The trial court was not required to find any additional fact in order to impose this sentence. *Page 6 
 {¶ 21} Appellant's sole assignment of error is overruled.
 {¶ 22} The judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
 Wise, J. Hoffman, P. J., and Farmer, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1