OPINION *Page 2 
{¶ 1} Defendant-appellant Brian Goodman appeals his sentence on one count of attempted sexual battery and one count of attempted abduction in the Delaware County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On September 5, 2006, Appellant entered Alford pleas to one count of attempted sexual battery and one count of attempted abduction, both felonies of the fourth degree. The offenses occurred on December 31, 2005. On October 16, 2006, the trial court conducted a sentencing hearing, and imposed a sentence of eighteen months in prison on each charge, with the terms to be served consecutively.
 {¶ 3} Appellant now appeals, assigning as error:
 {¶ 4} "THE TRIAL COURT'S APPLICATION OF STATE V. FOSTER (2006), 109 OHIO ST.3D 1, AT APPELLANT'S SENTENCING HEARING VIOLATED APPELLANT'S RIGHTS AS GUARANTEED BY THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION. APPELLANT WAS ENTITLED TO THE IMPOSITION OF MINIMUM, CONCURRENT PRISON SENTENCES, AND THE FAILURE TO IMPOSE SUCH SENTENCES DEPRIVED APPELLANT OF HIS RIGHT TO A JURY TRIAL AS GUARANTEED BY THE UNITED STATES CONSTITUTION."
 {¶ 5} In the sole assignment of error, Appellant argues the trial court erred in applying State v. Foster (2006), 109 Ohio St.3d 1
retroactively in violation of his constitutional rights.
 {¶ 6} During the October 16, 2006 sentencing hearing, the trial court stated: *Page 3 
 {¶ 7} "The Court: All right, sir, you on September 5th, 2006 entered a plea of guilty under the North Carolina versus Alford, or Alford versus North Carolina decision, North Carolina versus Alford, count 4, lesser included offense of attempted sexual battery, a felony of the fourth degree and count 5, a lesser included offense of attempted abduction, a felony of the fourth degree. The State agreed in negotiations to remain silent at the time of sentencing. Each of those counts carry a potential penalty of six to eighteen months in prison. They are both felonies of the fourth degree, which Mr. Shamansky was indicating, carry a preference for community control. Interesting thing is, I think counsel would agree, is that under Chapter 2950, as far as it being defined, an attempt is defined as a sexual offense so that you have to report. But under 2929.13(B) it's not a sexual offense because you plead to an attempt.
 {¶ 8} "So the court certainly can't consider it a sex offense for that purpose. However, there was physical harm caused to the victim here. The court would make that finding under 2929.13(B). And also the court has to weigh recidivism factors and serious factors to overcome the preference that you be sentenced to community control. You have a disorderly and a criminal damaging charge in your history of criminal convictions. The court would find that you show no genuine remorse for the offense. I don't find anything indicating that recidivism is unlikely.
 {¶ 9} "On [sic] serious side, the victim suffered serious psychological harm as a result of the offense. The court would also find that as a firefighter, that your occupation is likely to influence future conduct of others because [sic] the standing of a firefighter in a community. That makes it a more serious [sic]. As a serious factor, I don't find anything indicting less serious. *Page 4 
 {¶ 10} "The court would impose, because of that, and find that you're not amenable to community control, sentence you to 18 months in prison on count 4, 18 months in prison on count 5 to be served consecutively to one another. You will also be subject to a mandatory five years post-release control and if you violate that, the parole authorities can return you to prison for an additional one-half of this sentence. And if the violation amounts to another felony, the sentencing judge on the new felony would return you to prison on these felonies for one year, or the balance of time remaining on your five years post-release control."
 {¶ 11} Tr. at 8-10
 {¶ 12} The sentence imposed by the trial court, as directed byFoster supra, does not violate the ex-post facto and due process clauses of the Ohio and United States Constitution.
 {¶ 13} The Ohio Supreme Court in Foster concluded trial courts have full discretion to impose a prison sentence within the statutory range, and are not required to make findings or give their reasons for maximum, consecutive, or greater than the minimum sentences. Id at 30.
 {¶ 14} This Court addressed this issue in State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, finding:
 {¶ 15} "Appellant essentially seeks the benefit of a state of law that never existed; * * * appellant was never guaranteed that he would receive the minimum prison term. However, that is the result that the appellant would have this court mandate by retroactively applying the constitutional decision in Foster while refusing to apply the remedial holding in Foster. *Page 5 
 {¶ 16} "[E]ven if the remedial holding in Foster were not applied in the case of an offender who has not previously served a prison sentence, such as appellant, trial courts would have the discretion to overcome the minimum sentence pursuant to R.C. 2929.11 and R.C. 2929.12. As these statutes were in existence at the time appellant committed the crimes, [and were found to be constitutional in Foster], the appellant had sufficient warning of the potential consequences of his actions to satisfy * * * due process concerns [.]"
 {¶ 17} Based upon our holding in Paynter, we find the sentence imposed did not violate the ex post facto clause or Appellant's due process rights. Appellant's sole assignment of error is overruled.
 {¶ 18} Appellant's sentence in the Delaware County Court of Common Pleas is affirmed.
 By: Hoffman, J. Gwin, P.J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the sentence imposed by the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1