OPINION
{¶ 1} Defendant-appellant Jerry W. Hill appeals from his convictions and sentences in the Knox County Court of Common Pleas on one count of gross sexual imposition a felony of the third degree in violation of R.C. 2907.05(A) (4); two counts of sexual battery felonies of the third degree in violation of R.C. 2907.03(A) (5); and one count of intimidation a misdemeanor of the first degree in violation of R.C.2921.04(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On December 4, 2006, the Grand Jury for Knox County issued an indictment charging appellant with one count of gross sexual imposition, two counts of sexual battery, and one count of intimidation, in connection with an ongoing sexual relationship between appellant and his minor stepdaughter.
 {¶ 3} On January 5, 2007, appellant pleaded guilty to each of those charges. The trial court deferred sentencing and ordered a pre-sentence investigation report be prepared.
 {¶ 4} The trial court sentenced appellant to a three-year prison term for the gross sexual imposition offense, a three-year prison term for each of the sexual battery offenses, and a six-month prison term for the intimidation offense. (Sentencing T., Feb. 23, 2007 at 5). The court ordered that the prison terms be served consecutively. (Id.; February 26, 2007 Sentencing Entry). The trial court further found appellant to be a Sexually Oriented Offender pursuant to R.C. 2950.04.
 {¶ 5} Appellant has timely appealed raising the following assignment of error: *Page 3 
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED MR. HILL TO SERVE NON-MINIMUM AND CONSECUTIVE PRISON TERMS, FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I, OHIO CONSTITUTION".
 I. {¶ 7} Appellant argues Ohio's sentencing scheme remains unconstitutional, and, further, the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, is unconstitutional as its application interferes with appellant's due process rights under the United States and Ohio Constitutions. We disagree.
 {¶ 8} In State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856,845 N.E.2d 470 the Court found, in relevant part to appellant's assignment of error, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C.2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61. The Court found this provision, as well as others not germane to this appeal, to be unconstitutional under the United States Supreme Court decisions inApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct.2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531,159 L.Ed.2d 403. Essentially, this portion of the Foster opinion is in line with Justice Stevens' opinion in Booker, i.e. judicial fact-finding violates the Sixth Amendment "jury trial."
 {¶ 9} However, the Ohio Supreme Court in Foster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed *Page 4 
within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus. Thus, this portion of the Foster opinion is similar to the remedial provision of Justice Breyer's opinion in Booker.
 {¶ 10} Appellant seeks the benefit of Justice Stevens' opinion-which, standing alone, would require the facts supporting his sentence to be admitted or proved beyond a reasonable doubt-without the burden of remedial severance interpretation of the Foster opinion-which instead resolves the Sixth Amendment problem by removing R.C. 2929.14(B) in its entirety. State v. Paynter, 5th Dist. No. CT2006-0034,2006-Ohio-5542 at ¶ 27-28.
 {¶ 11} Appellant essentially seeks the benefit of a state of law that never existed; he wants "a sentence that comports with theSixth Amendment requirements of Booker [and Foster], but wants to avoid the possibility of a higher sentence under the remedial holdings ofBooker [and Foster]." United States v. Jamison (7th Cir.2005),416 F.3d 538, 539; see also United States v. Dupas (9th Cir.2005), 419 F.3d 916,920; United States v. Farris (7th Cir. 2006),448 F.3d 965, 969.
 {¶ 12} We begin our analysis of appellant's assignment of error by noting that this Court cannot declare a decision by a superior court to be unconstitutional. Article IV of the Ohio Constitution designates a system of "superior" and "inferior" courts, each possessing a distinct function. The Constitution does not grant to a court of appeals jurisdiction to reverse or vacate a decision made by a superior court. See, State, ex rel. Potain v. Mathews (1979), 59 Ohio St.3d 29, 32,391 N.E.2d 343, 345; OH. Const. *Page 5 
art. IV, sec. 5; R.C. 2501.02. An inferior court has no jurisdictional basis to review the actions and decisions of superior courts.
 {¶ 13} Additionally, appellant was sentenced over one (1) yearafter the decision in Foster was announced. Accordingly, he had no stake in R.C. 2929.14(B), R.C. 2929.14(E) (4), R.C. 2929.19(B) (2) (a) and R.C. 2929.41(A). It is beyond contention that those statutes did not exist at the time of appellant's sentencing.
 {¶ 14} Moreover, when sentencing occurred after Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, failure to object at trial to a sentence that violates Blakely forfeits the issue on appeal. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. The same rationale would apply to a sentencing hearing that occurred after the decision in Foster was announced. As appellant did not raise his constitutional challenge with the trial court, which he could have, appellant has forfeited the issue on appeal.
{¶ l5} Finally, this Court exhaustively addressed the same issue inState v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542 andState v. Firouzmandi, 5th Dist. No. 2006-CA-41,2006-Ohio-5823.
{¶ l6} Based upon our holdings in Paynter and Firouzmandi, we find the sentence imposed in the case sub judice did not violate appellant's rights under the due process clauses of the United States Constitution and/or Ohio Constitution.
 {¶ 17} Appellant's sole assignment of error is overruled. *Page 6 
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
Gwin, P.J., Farmer, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed. Costs to appellant. *Page 1