OPINION
{¶ 1} On September 12, 2003, the Fairfield County Grand Jury indicted appellant, Darnell Thompson, on one count of attempted murder in violation of R.C. 2923.02 and two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (2). Said charges arose from an incident involving appellant's brother-in-law, Mark Austin. Specifically, appellant hit Mr. Austin in the head with a glass frying pan, causing the pan to shatter.
 {¶ 2} A jury trial commenced on January 6, 2004. The jury found appellant guilty of felonious assault in violation of R.C.2903.11(A)(1) and not guilty of attempted murder and felonious assault in violation of R.C. 2903.11(A)(2). By judgment entry filed February 5, 2004, the trial court sentenced appellant to six years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred when it instructed the jury that it must unanimously decide upon count two, felonious assault, before considering the lesser-included offense of assault."
 II {¶ 5} "The trial court erred in imposing a non-minimum term of incarceration based on facts that were neither found by the jury nor admitted by appellant, in contravention of appellant's Sixth Amendment right to trial by jury. Blakely v. Washington
(2004), 542 U.S. ___, 124 S.CT. 2531, 159 L.ED.2D 403, 2004 WL 1402697."
 I {¶ 6} Appellant claims the trial court erred in its instruction to the jury. We disagree.
 {¶ 7} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993),90 Ohio App.3d 338. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Jury instructions must be reviewed as a whole. State v. Coleman
(1988), 37 Ohio St.3d 286.
 {¶ 8} Crim.R. 30(A) governs instructions and states the following:
 {¶ 9} "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.
 {¶ 10} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
 {¶ 11} Appellant did not object to the trial court's jury instructions. The trial court specifically asked trial counsel "are there any other corrections, deletions, alterations, modifications or other changes to be made to these instructions?" T. at 661. After a discussion on striking additional language which the trial court did, defense counsel stated, "[o]ther than that, the Defense is satisfied." T. at 662.
 {¶ 12} Based upon appellant's failure to object to the instructions and bring the issue to the trial court's attention for consideration, we must address this assignment under the plain error doctrine. State v. Williford (1990),49 Ohio St.3d 247. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v.Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, at paragraph three of the syllabus.
 {¶ 13} The complained of jury instruction is as follows:
 {¶ 14} "The Defendant is charged in count two of the indictment with felonious assault; however, if you find that the State failed to prove beyond a reasonable doubt all of the essential elements of felonious assault, that the Defendant is not guilty of felonious assault as to count two, and that the Defendant failed to prove the defense of self-defense by a preponderance of the evidence as to count two of the indictment, then, in that event, you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all the essential elements of assault which is a lesser included offense of felonious assault." T. at 640.
 {¶ 15} The jury found appellant guilty of the felonious assault charge in Count 2 and therefore did not even engage in any discussion on the lesser included offense.
 {¶ 16} We find the standard of "negligible coercive potential" set forth by the Supreme Court of Ohio in State v.Thomas (1988), 40 Ohio St.3d 213, 220, did not impact the jury's decision sub judice. We must presume the jury followed the trial court's instructions and first deliberated on the elements of felonious assault and the defense of self-defense raised by appellant:
 {¶ 17} "If you find that the State proved beyond a reasonable doubt all of the essential elements of the offense of felonious assault as to this count of the indictment, and that the Defendant failed to prove by a preponderance of the evidence the defense of self-defense, your verdict must be guilty." T. at 639.
 {¶ 18} The lesser included offense charge was not necessary for the jury's deliberation because the trial court first instructed on a total consideration of the elements and defense of self defense.
 {¶ 19} Despite the instruction's less than technical application of the Thomas decision, we find any technical error does not rise to the level of plain error.
 {¶ 20} Assignment of Error I is denied.
 II {¶ 21} Appellant claims his sentence is contrary to law. We disagree.
 {¶ 22} By judgment entry filed January 30, 2004, the trial court sentenced appellant to six years in prison for a second degree felony. Pursuant to R.C. 2929.14(A)(2), felonies of the second degree are punishable by "two, three, four, five, six, seven, or eight years."
 {¶ 23} Appellant claims the United States Supreme Court's opinions in Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (June 24, 2004), 124 S.Ct. 2531, prohibit maximum sentences without an independent finding by the jury of facts relative to enhanced sentencing.
 {¶ 24} The cited cases involve sentences beyond the maximum. As the trial court herein sentenced appellant to a term within the statutory range prescribed by the legislature, the cases are inapplicable sub judice. See, State v. Iddings (November 8, 2004), Delaware App. No. 2004CAA06043.
 {¶ 25} Pursuant to R.C. 2929.14(B), if an offender has not previously served a prison term, as is the case herein, a trial court shall impose the shortest prison term available unless "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In sentencing appellant to six years on the second degree felony, the trial court found both of these elements were applicable to appellant. January 30, 2004 T. at 23. The trial court noted the following:
 {¶ 26} "It's clear to the Court that this was a serious offense on the surface. When someone states that — when a person is struck in the head with a frying pan, it's possible to understand that that might not cause very much harm. But when you know the facts of this case, and specifically that it caused a two-centimeter deep cut and a one and one-half centimeter deep cut in the head of the victim, that's significant in the Court's view.
 {¶ 27} "* * * the Court believes that this Defendant, Mr. Thompson, is going to simply choose to take matters into his own hands whenever he perceives there to be a problem. And frankly, people can't just be going around causing people harm." Id. at 23-24.
 {¶ 28} Upon review, we find the trial court met the requirements of R.C. 2929.11, R.C. 2929.12, R.C. 2929.14 andState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. We cannot find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
 {¶ 29} Assignment of Error II is denied.
 {¶ 30} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.