OPINION
{¶ 1} Defendant-appellant Jeanette A. Bontrager appeals from her conviction and sentence in the Fairfield County Court of Common Pleas on one count of involuntary manslaughter. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted by the Fairfield County Grand Jury on one count of murder, in violation of R.C. 2903.02(B), one count of involuntary manslaughter, in violation of R.C.2903.04(A), one count of involuntary manslaughter, in violation of R.C. 2903.04(B), one count of reckless homicide, in violation of R.C. 2903.041, one count of child endangering, in violation of R.C. 2919.22(B)(3), and one count of child endangering, in violation of R.C. 2919.22(A). The charges arose from the death of appellant's four month old son, Trevor. Appellant was accused of committing violent acts of shaking and/or throwing Trevor, causing the infant's death.
 {¶ 3} On September 7, 2004, appellant entered a plea of guilty to one count of involuntary manslaughter, in violation of R.C. 2903.04(A). The remaining charges were dismissed. Appellant requested a separate sentencing hearing.
 {¶ 4} On November 19, 2004, a sentencing hearing was held. Appellant was sentenced to a prison term of seven years.
 {¶ 5} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT'S IMPOSITION OF MORE THAN MINIMUM SENTENCE VIOLATE [SIC] DEFENDANT'S SIXTH AMENDMENT CONSTITUTIONAL RIGHTS AS DEFINED BY THE UNITED STATES SUPREME COURT IN APPRENDIV. NEW JERSEY, BLAKELY V. WASHINGTON, AND UNITED STATES V.BOOKER.
 {¶ 7} "II. DID THE TRIAL COURT'S IMPOSITION OF MORE THAN MINIMUM SENTENCE CONSTITUTE ERROR WHEN NO FINDINGS WERE MADE AT THE SENTENCING HEARING THAT MET THE REQUIREMENTS OF 2929.14(B), REVISED CODE."
 I {¶ 8} In the first assignment of error, appellant argues that the trial court's imposition of more than a minimum sentence violated appellant's constitutional rights, as defined inApprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435), Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and United States v.Booker (2005), ___ U.S. ___, 125 S. Ct. 738, 160 L.Ed.2d 621. Specifically, appellant contends that she could not be sentenced to more than the minimum sentence unless a jury made the findings required to impose such a sentence or appellant admitted to those findings.
 {¶ 9} This Court has considered this issue previously. This Court examined the Apprendi, Blakely, and Booker decisions and found that they "do not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature." State v. Iddings (Nov. 8, 2004), Delaware App. No. 2004CAA06043, para.12. This court concluded that Apprendi, Blakely and Booker were not implicated when the maximum sentence provided by Ohio sentencing law was imposed. Id; State v. Schmoll, Delaware App. No. 05CAA02005, 2005-Ohio-5379; State v. Stillman, Delaware App. No. 04CAA07052, 2004-Ohio-6974; State v. Hughett, Delaware App. No. 04CAA060051, 2004-Ohio-6207.
 {¶ 10} In the case sub judice, the trial court did not sentence appellant to a term beyond the statutory maximum. Therefore, Apprendi, Blakely and Booker do not apply. E.g.State v. Rockwell, Stark App. No. 2004CA00193, 2005-Ohio-5213;State v. Thompson, Fairfield App. No. 04CA25, 2005-Ohio-4111.
 {¶ 11} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 12} In the second assignment of error, appellant contends that even if the trial court were permitted to make the findings required to impose more than a minimum sentence, the trial court failed to make those findings at the sentencing hearing. We agree.
 {¶ 13} Revised Code 2929.14(B) provides as follows:
 {¶ 14} "B) Except as [otherwise] provided . . ., if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense . . . unless one or more of the following applies:
 {¶ 15} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 16} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 17} In interpreting this requirement, the Ohio Supreme Court has held that "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson,86 Ohio St.3d 324, 326, 715 N.E.2d 131; State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 18} In the case sub judice, the trial court did not make an oral finding under R.C. 2929.14(B)(1) or (2). Therefore, we hold the trial court failed to make the findings required under R.C. 2929.14(B) and Comer. Accordingly, we conclude appellant has demonstrated a reversible sentencing error.
 {¶ 19} The State of Ohio asserts that this error should be considered waived because appellant failed to object to any such error at the sentencing hearing. However, we agree with the reasoning of the Court of Appeals for the Fourth Appellate District which concluded that such an error is not waived by failing to object. In State v. Wheeler, the majority held as follows:
 {¶ 20} "First, it appears that this issue was not raised inComer, but was nevertheless considered by the Ohio Supreme Court. See 99 Ohio St.3d at 465, 793 N.E.2d 473. Second, in light of the gist of the Comer ruling (that the language must be recited directly into the transcript) we believe that it is impractical to require a specific objection at the sentencing hearing. Even the most diligent of defense counsel could easily miss some of the language, much of it lengthy and confusing, that a trial court judge must recite at a sentencing hearing. To determine whether a court recited the correct language requires a sentence by sentence and a word by word review of the transcript. This is not feasible at the trial court sentencing hearing level.
 {¶ 21} "We also point out that, although Comer injects new requirements into criminal sentencing procedure, we are nevertheless bound by that decision and we cannot simply contrive reasons to avoid its application." Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598.
 {¶ 22} For the foregoing reasons, we find that appellant has not waived the error.
 {¶ 23} Appellant's second assignment of error is sustained.
 {¶ 24} For the reasons stated in the foregoing opinion, the decision of the Fairfield County Court of Common Pleas is hereby affirmed, in part, and reversed, in part. This matter is remanded for resentencing.
Edwards, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded for resentencing. Costs assessed 50% to appellant and 50% to appellee.