OPINION *Page 2 
{¶ 1} On January 12, 2004, the Stark County Grand Jury indicted appellant, Gregory Ashbrook, on one count of attempt to commit rape in violation of R.C. 2907.02/2923.02. Said charge arose from an undercover police investigation involving internet chat rooms and individuals looking to engage in sexual relations with minors.
 {¶ 2} A jury trial commenced on March 1, 2004. The jury found appellant guilty as charged. By judgment entries filed March 3 and 17, 2004 and nunc pro tunc judgment entry filed April 16, 2004, the trial court sentenced appellant to eight years in prison. The latter two entries informed appellant "post release control is mandatory in this case up to a maximum of 5 years," and ordered appellant to serve "any term of post release control imposed by the Parole Board."
 {¶ 3} Appellant appealed and this court affirmed appellant's conviction and sentence. See, State v. Ashbrook, Stark App. No. 2004CA00109, 2005-Ohio-740. Appellant appealed to the Supreme Court of Ohio and said court remanded the case for re-sentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See, In re OhioCriminal Sentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109. Upon remand, the trial court conducted a re-sentencing hearing on June 14, 2006. By judgment entry filed June 23, 2006, the trial court again sentenced appellant to an eight year term, and reiterated the post release control language.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 5} "THE OHIO SUPREME COURT RULING IN STATE V. FOSTER DOES NOT CURE OHIO'S UNCONSTITUTIONAL SENTENCING SCHEME; THUS, IT REMAINS UNCONSTITUTIONAL."
 II {¶ 6} "THE APPLICATION OF THE REMEDY FOR OHIO'S UNCONSTITUTIONAL SENTENCING SCHEME VIOLATED THE APPELLANT'S RIGHT UNDER THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS."
 III {¶ 7} "THE TRIAL COURT COMMITTED ERROR WHEN IT CONDUCTED RE-SENTENCING TO CORRECT SENTENCING ERRORS, WHEN THE PROPER REMEDY IS A DIRECT APPEAL."
 IV {¶ 8} "THE TRIAL COURT VIOLATED THE DEFENDANT'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT IMPOSED A TERM OF POST-RELEASE CONTROL THAT WAS NOT IMPOSE (SIC) IN THE ORIGINAL SENTENCE."
 I, II {¶ 9} Appellant claims Ohio's sentencing scheme remains unconstitutional despite the holding in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, as the application of Foster violates appellant's rights under the due process and ex post facto clauses of the United States and Ohio Constitutions. We disagree. *Page 4 
 {¶ 10} In State v. Paynter, Muskingum App. No. CT2006-0034,2006-Ohio-5542, Assignment of Error II, this court reviewed the same issues herein and found they lacked merit. We concur with the comprehensive analysis of this well written opinion and deny these assignments of error.
 {¶ 11} Assignments of Error I and II are denied.
 III, IV {¶ 12} Appellant claims the trial court erred in re-sentencing him by including a term of post-release control, thereby violating appellant's rights under the double jeopardy clause of the United States and Ohio Constitutions. We disagree.
 {¶ 13} By journal entry filed March 3, 2004, the trial court sentenced appellant to eight years in prison. The entry was silent as to post-release control. By judgment entry filed March 17, 2004 and nunc pro tunc judgment entry filed April 16, 2004, the trial court again sentenced appellant to eight years in prison, but included post-release control language. Appellant appealed and this court affirmed appellant's conviction and sentence. State v. Ashbrook, Stark App. No. 2004CA00109,2005-Ohio-740. Appellant appealed to the Supreme Court of Ohio. While his appeal was pending, the Supreme Court of Ohio decided the case ofHernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, wherein the court held the Adult Parole Authority could not impose post-release control on an offender, whose prison sentence was completed, who had not been notified by the trial court of the statutorily required post-release control. The trial court could not impose post-release control "after-the-fact." Thereafter, the Supreme Court of Ohio remanded appellant's case for re-sentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. See, In re Ohio Criminal Sentencing StatutesCases, *Page 5 109 Ohio St.3d 313, 2006-Ohio-2109. Upon remand, the trial court conducted a re-sentencing hearing on June 14, 2006. By judgment entry filed June 23, 2006, the trial court again sentenced appellant to an eight year term, and reiterated the post release control language. Appellant has not completed serving his prison sentence. He now argues the trial court erred in imposing post-release control.
 {¶ 14} In State v. Rich (2007), Stark App. No. 2006CA00171, Assignment of Error I, this court recently reviewed the same issues herein and found they lacked merit. We concur with the analysis of this learned opinion and deny these assignments of error. See also, State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795.
 {¶ 15} Assignments of Error III and IV are denied.
 {¶ 16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 By Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1