OPINION
{¶ 1} Defendant-appellant Darnell Thompson appeals his sentence from the Fairfield County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 12, 2003, the Fairfield County Grand Jury indicted appellant Darnell Thompson on one count of attempted murder in violation of R.C. 2923.02 and 2903.02(A), a felony of the first degree, and two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (2), felonies of the second degree. The charges arose from an incident involving appellant's brother-in-law, Mark Austin. Specifically, appellant hit Mr. Austin in the head with a glass frying pan, causing the pan to shatter. At his arraignment on September 16, 2003, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, a jury trial commenced on January 6, 2004. The jury, on January 8, 2004, found appellant guilty of felonious assault in violation of R.C. 2903.11(A)(1), but not guilty of attempted murder and felonious assault in violation of R.C. 2903.11(A)(2). Pursuant to a Judgment Entry filed February 5, 2004, the trial court sentenced appellant to six years in prison and ordered appellant to pay a fine in the amount of $500.00.
 {¶ 4} Appellant then appealed. Pursuant to an Opinion filed inState v. Thompson, Fairfield App. No. 04CA25, 2005-Ohio-4111, this Court affirmed appellant's conviction and sentence. However, the Ohio Supreme Court subsequently reversed and remanded appellant's case for resentencing in accordance with State v. Foster, 109 *Page 3 
Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. See State v. Thompson, 108 Ohio St.3d 1411, 2006-Ohio-179, 841 N.E.2d 317.
 {¶ 5} As memorialized in an Entry filed on July 3, 2006, the trial court, on remand, again sentenced appellant to six years in prison and ordered appellant to pay a fine in the amount of $500.00.
 {¶ 6} Appellant now appeals, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED BY IMPOSING A NON-MINIMUM SENTENCE IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION. FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; BLAKELY V. WASHINGTON (2004), 542 U.S. 296;UNITED STATES V. BOOKER (2005), 543 U.S. 220.
 {¶ 8} "II. THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR. THOMPSON DUE PROCESS OF LAW BY IMPOSING A NON-MINIMUM SENTENCE. FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 {¶ 9} "III. THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE A NON-MINIMUM SENTENCE.
 {¶ 10} "IV. THE TRIAL COURT ERRED WHEN IT IMPOSED A FINE IN THE AMOUNT OF $500 WITHOUT CONSIDERING MR. THOMPSON'S ABILITY TO PAY AS REQUIRED BY R.C. 2929.19(B)(6)." *Page 4 
 I {¶ 11} Appellant, in his first assignment of error, argues that the application of Foster violates appellant's rights under the due process and ex post facto clauses of the United States and Ohio Constitutions. We disagree.
 {¶ 12} This Court has addressed these arguments in recent cases, including State v. Ashbrook, Stark App. No. 2006CA00193, 2007-Ohio-2325,State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542. Based upon these well written opinions, appellant's first assignment of error is overruled.
 II, III {¶ 13} Appellant, in his second and third assignments of error, argues that the trial court committed plain error by imposing a non-minimum sentence on appellant. Appellant specifically contends that the trial court exceeded its authority when it retroactively applied the Ohio Supreme Court's remedy from Foster, supra. We disagree.
 {¶ 14} As is stated above in our discussion of appellant's first assignment of error, we find that the trial court did not violate constitutional rights in sentencing appellant. Moreover, the Ohio Supreme Court in Foster concluded trial courts have full discretion to impose a prison sentence within the statutory range. Id at paragraph 100. In the case sub judice, appellant was sentenced within the statutory range.
 {¶ 15} Appellant's second and third assignments of error are, therefore, overruled. *Page 5 
 IV {¶ 16} Appellant, in his fourth assignment of error, maintains that the trial court erred by imposing a $500.00 fine without considering appellant's present and future ability to pay as required by R.C.2929.19. We agree.
 {¶ 17} Appellant was convicted of felonious assault, a felony of the second degree. Pursuant to R.C. 2929.18(A)(3), a trial court may impose a fine of up to $15,000 for a felony of the second degree. However, "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C.2929.19(B)(6).
 {¶ 18} As this Court explained in State v. Perry, Stark App. No. 2004-CA-00066, 2005-Ohio-85:
 {¶ 19} "`[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.' State v. Martin, 140 Ohio App.3d 326, 338,747 N.E.2d 318, 2000-Ohio-1942. Although a court may hold a hearing under R.C. 2929.18(E) `to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it,' a court is not required to do so. State v. Stevens (Sept. 21, 1998), 12th Dist. No. CA98-01-001, unreported ('although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue'). `All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay.' State v. Dunaway, 12th Dist. No. CA2001-12-280, 2003-Ohio-1062, at 36; Martin, 140 Ohio App.3d at 33, 746 N.E.2d 642 (Emphasis added)."Id. at *4-5. *Page 6 
 {¶ 20} There is no evidence in the record that the trial court considered appellant's present or future ability to pay the $500.00 fine. There is no evidence that the trial court considered appellant's indigent status. Therefore, as to the imposition of the fine, we remand this matter to the trial court for consideration of appellant's ability to pay the same.
 {¶ 21} Appellant's fourth assignment of error is, therefore, sustained.
 {¶ 22} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed in part and reversed and remanded in part.
 Edwards, J. Gwin, P.J. and Hoffman, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed in part and reversed and remanded in part. Costs assessed to appellant. *Page 1