OPINION *Page 2 
{¶ 1} Defendant-appellant Morris Jackson appeals from the June 15, 2007, Judgment Entry of the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 12, 2005, the Stark County Grand Jury indicted appellant on two (2) counts of aggravated robbery in violation on R.C. 2911.01(A)(1), felonies of the first degree, one (1) count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a felony of the fourth degree, and one (1) count of attempted kidnapping in violation of R.C. 2923.02(A), a felony of the third degree. The indictment also contained three (3) firearm specifications. At his arraignment on August 19, 2005, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Following a jury trial, appellant, on November 16, 2005, was found guilty of all of the charges and of the firearm specifications. Pursuant to a Judgment Entry filed on November 28, 2005, appellant was sentenced to an aggregate prison sentence of thirty-two and one-half years.
 {¶ 4} Appellant appealed his conviction and sentence to this Court. Pursuant to an Opinion filed on December 18, 2006, in State v.Jackson, Stark App. No. 2005 CA 00309, 2006-Ohio-6728, this Court affirmed appellant's conviction, but remanded this matter for a new sentencing hearing based on the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. We found, in our Opinion, that appellant's sentence was "based upon at least one unconstitutional statutory provision now deemed void." Id. at paragraph 40. *Page 3 
 {¶ 5} A resentencing hearing before the trial court was held on June 11, 2007. As memorialized in a Judgment Entry filed on June 15, 2007, appellant was sentenced to an aggregate prison sentence of thirty-two and one-half years.
 {¶ 6} Appellant now raises the following assignments of error on appeal:
 {¶ 7} "I. THE OHIO SUPREME COURT RULING IN STATE V. FOSTER DOES NOT CURE OHIO'S UNCONSTITUTIONAL SENTENCING SCHEME; THUS, IT REMAINS UNCONSTITUTIONAL.
 {¶ 8} "II. THE APPLICATION OF THE REMEDY FOR OHIO'S UNCONSTITUTIONAL SENTENCING SCHEME VIOLATED THE APPELLANT'S RIGHT UNDER THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 9} "III. THE TRIAL COURT RE-SENTENCING OF THE APPELLANT IS NULL AND VOID BECAUSE THE TRIAL COURT FAILED TO ADVISE THE APPELLANT REGARDING POST RELEASE CONTROL.
 {¶ 10} "IV. THE TRIAL COURT ERRED IN DENYING THE APPELLANT HIS RIGHT OF ALLOCUTION."
 I, II {¶ 11} Appellant, in his first assignment of error, argues that Ohio's sentencing scheme remains unconstitutional despite the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Appellant, in his second assignment of error, argues that the application of Foster is unconstitutional as it interferes with appellant's rights under the due process and ex post facto clauses of the United States and Ohio Constitutions. We disagree. *Page 4 
 {¶ 12} In State v. Paynter, this Court addressed and rejected appellant's ex post facto and due process arguments. State v.Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542. See also,State v. Ashbrook, Stark App. No. 2006CA00193, 2007-Ohio-2325, and,State v. Rogers, Stark App. No. 2006CA00192, 2007-Ohio-3677. Several other courts have also rejected the same legal argument. See, State v.Doyle, Brown App. No. CA2005-11-020, 2006-Ohio-5373; State v.Andrews, Butler App. No. CA2006-06-142, 2007-Ohio-223, State v.Cockrell, Fayette App. No. CA2006-05-020, 2007-Ohio-1372; State v.Smith, Montgomery App. No. 21004, 2006-Ohio-4405, and State v.McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162.
 {¶ 13} Appellant also argues that while it appears that the trial court complied with Foster, supra, its consideration of the overriding purposes of felony sentencing, as set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in 2929.12, "flies in face of the reasoning in Foster." Appellant notes that Foster prohibits fact finding by the trial court and argues that, in considering the above, the "trial court behaved exactly as it would have pre-Foster."
 {¶ 14} Under the Ohio law, and in accordance with the Foster decision, the trial court is vested with discretion to impose a prison term within an applicable statutory range. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d1. However, in exercising its discretion the court remains guided by the legislation designed to establish uniformity, and must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of *Page 5 
the offense and recidivism of the offender [and] statutes that are specific to the case itself." Mathis, supra at paragraph 38.
 {¶ 15} We note that the trial court, in the case sub judice, did not make any reference to the factors in R.C. 2929.11 or 2929.12 on the record at the resentencing hearing and did not give its reasons for imposing the sentence that it did or make any findings. While the trial court, in its Judgment Entry, noted that it considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11 and has balanced the seriousness and recidivism factors [in] Ohio Revised Code Section 2929.12," we find that the trial complied withFoster in doing so. The trial court did not make any findings but merely considered the factors in R.C. 2929.11 and 2929.12. Such statutes simply require a trial court to consider the details and circumstances surrounding the crime(s) committed and the background of the offender. We find that, in doing so, the statutes are not unconstitutional.
 {¶ 16} Appellant's first two assignments of error are, therefore, overruled.
 III {¶ 17} Appellant, in his third assignment of error, argues that his resentencing following remand is void because that trial court failed to advise appellant of post release control. We agree.
 {¶ 18} In State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250,868 N.E.2d 961, the Ohio Supreme Court held in the syllabus as follows: "When a defendant is convicted of or pleads guilty to one or more offenses and post release control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." There is no *Page 6 
dispute in the case sub judice that that trial court did not notify appellant of his post-release obligations at the June 11, 2007, resentencing hearing or in its June 15, 2007, Judgment Entry.
 {¶ 19} Appellant's third assignment of error is, therefore, sustained.
 IV {¶ 20} Appellant, in his fourth assignment of error, maintains that the trial court erred in denying him his right of allocution at the June 15, 2007, resentencing hearing.
 {¶ 21} Based on our disposition of appellant's third assignment of error, appellant's fourth assignment of error is moot.
 {¶ 22} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed. Appellant's sentence is vacated and this matter is remanded for a new sentencing hearing.
 By: Edwards, J., Gwin, P.J. and Wise, J. concur *Page 1