[Cite as *State v. McQuillen*, 2012-Ohio-2449.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 11-COA-036 |
| TYLER J. MCQUILLEN | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal appeal from the Ashaland County
                                Court of Common Pleas, Case No. 11-CRI-
                                034

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         June 4, 2012

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

RAMONA FRANCESCONI ROGERS                   ERIN N. POPLAR
Ashland County Prosecutor                   1636 Eagle Way
PAUL T. LANGE                               Ashland, OH 44805
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Appellant, Tyler J. McQuillan, appeals his conviction and sentence from the Ashland County Court of Common Pleas. Appellant was indicted on Conspiracy to Commit Aggravated Robbery, a felony of the second degree in violation of R.C. 2923.01(A)(1) and 2911.01(A)(1) and Attempted Burglary, a felony of the third degree, in violation of R.C. 2923.02(A) and 2911.12(A)(2).

{¶2} Appellant entered a plea of guilty to Conspiracy to Commit Aggravated Robbery which was found in Count 1 of the indictment. The State dismissed Count 2 of the indictment. Appellant was sentenced to six years in prison to be followed by three years of post-release control. The trial court also imposed a fine of $5,000.00. A timely notice of appeal was filed.

{¶3} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed Assignments of Error:

{¶4} "I. THE COURT ERRED WHEN IT FOUND APPELLANT WAS ABLE TO PAY FINES AND COURT COSTS.

{¶5} "II. APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE IMPOSITION OF A FINE AND COURT COSTS AT APPELLANT'S SENTENCING HEARING."

{¶6} In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744.

Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶7} Counsel in this matter has followed the procedure in *Anders v. California* (1967), 386 U.S. 738, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw. For the reasons which follow, we affirm the judgment of the trial court:

I. & II.

{¶8} In his first Assignment of Error, Appellant argues the trial court erred in imposing fines and court costs. In his second proposed Assignment of Error, Appellant argues he received ineffective assistance of trial counsel because trial counsel failed to object to the fine and costs. Because these Assignments of Error are related, we will address them together.

{¶9} The decision to impose or waive a fine rests within the sound discretion of the court and will not be reversed on appeal absent an abuse of that discretion. *State v. Gipson* (1998), 80 Ohio St.3d 626, 634, 687 N.E.2d 750. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is

unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

**{¶10}** As this Court explained in *State v. Perry,* 5th Dist. No.2004-CA-00066, 2005-Ohio-85:

**{¶11}** " '[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.' *State v. Martin,* 140 Ohio App.3d 326, 338, 747 N.E.2d 318, 2000-Ohio-1942. Although a court may hold a hearing under R.C. 2929.18(E) 'to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it,' a court is not required to do so. *State v. Stevens* (Sept. 21, 1998), 12th Dist. No. CA98-01-001, unreported ('although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue'). 'All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay.' *State v. Dunaway,* 12th Dist. No. CA2001-12-280, 2003-Ohio-1062, at 36; *Martin,* 140 Ohio App.3d at 33, 746 N.E.2d 642" *Id.* at *4-5, 746 N.E.2d 642. See also, *State v. Thompson,* 5th Dist. No. 06-CA-62, 2008-Ohio-435, at ¶ 19. While it would be preferable for the trial court to expressly state on the record that it has considered a defendant's present and future ability to pay a fine, it is not required. *State v. Parker,* 2nd Dist. No. 03CA0017, 2004-Ohio-1313, ¶ 42, citing *State v. Slater,* 4th Dist. No. 01 CA2806, 2002-Ohio-5343. "The court's consideration of that issue may be inferred from the record under appropriate circumstances." *Id.*

**{¶12}** The record in this case reveals the trial court made a specific finding that Appellant had a future ability to pay the fines and costs. For this reason, we cannot say

the record demonstrates the trial court abused its discretion in imposing a fine and court costs.  Further, because the trial court did not abuse its discretion in imposing the fine and costs, it was not error for counsel to fail to object to the imposition of the fine and costs.

{¶13} Appellant's proposed Assignments of Error are overruled.

{¶14} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

WSG:clw0522

[Cite as *State v. McQuillen*, 2012-Ohio-2449.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellee         :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
TYLER J. MCQUILLEN                     :
                                       :
                                       :
            Defendant-Appellant        :        CASE NO. 11-COA-036


        For the reasons stated in our accompanying Memorandum-Opinion, the
judgment of the Ashland County Court of Common Pleas, Ohio, is affirmed. Costs to
appellant.


                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. WILLIAM B. HOFFMAN


                                        _____
                                        HON. SHEILA G. FARMER