[Cite as *State v. Weaver*, **2013-Ohio-2417**.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| Appellee | |
| -vs- | |
| | Case No. 12 CA 11 |
| DANNEL H. WEAVER | |
| Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                              Pleas, Case No.  11 CR 033


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       June 10, 2013


APPEARANCES:

For Appellee                  For Appellant

No Appearance                 DAVID M. HUNTER
                              244 West Main Street
                              Loudonville, Ohio  44842

*Wise, P. J.*

{¶1}   Appellant, Dannel H. Weaver, appeals an entry from the trial court denying his motion "for stay of fines and court costs."   Appellant entered a guilty plea to one count of Illegal Assembly or Possession of Chemicals for the Manufacture of Methamphetamine, a felony of the third degree, in violation of Revised Code 2925.041(A) and one count of Possession of Methamphetamine, a felony of the fifth degree, in violation of Revised Code 2925.11(A).

{¶2}   Appellant was sentenced to a total term of three years in prison. The trial court also imposed a fine of $5,000.00.   Appellant did not appeal his conviction or sentence.   Subsequently, Appellant filed a motion to stay the fines and court costs.   The trial court denied the motion, and this Court permitted a delayed appeal.

{¶3}   Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth one proposed Assignment of Error.   Appellant was given an opportunity to file his own brief raising any additional assignments of error, however, no pro se brief was filed.

I.

{¶4}   "WHETHER THE COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO VACATE FINES AND COSTS?"

{¶5}   In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that

could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

{¶6} Counsel in this matter has followed the procedure in *Anders v. California (1967), 386 U.S. 738.* We find the appeal to be wholly frivolous and grant counsel's motion to withdraw. For the reasons which follow, we affirm the judgment of the trial court:

I.

{¶7} In his first Assignment of Error, Appellant argues the trial court erred in overruling his motion to stay fines and costs.

{¶8} The decision to impose or waive a fine rests within the sound discretion of the court and will not be reversed on appeal absent an abuse of that discretion. *State v. Gipson* (1998), 80 Ohio St.3d 626, 634, 687 N.E.2d 750. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶9} As this Court explained in *State v. Perry,* 5th Dist. No. 2004-CA-00066, 2005-Ohio-85:

**{¶10}** " '[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.' *State v. Martin,* 140 Ohio App.3d 326, 338, 747 N.E.2d 318, 2000-Ohio-1942. Although a court may hold a hearing under R.C. 2929.18(E) 'to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it,' a court is not required to do so. *State v. Stevens* (Sept. 21, 1998), 12th Dist. No. CA98-01-001, unreported ('although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue'). 'All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay.' *State v. Dunaway,* 12th Dist. No. CA2001-12-280, 2003-Ohio-1062, at 36; *Martin,* 140 Ohio App.3d at 33, 746 N.E.2d 642" *Id.* at *4-5, 746 N.E.2d 642. *See also State v. Thompson,* 5th Dist. No. 06-CA-62, 2008-Ohio-435, at ¶ 19. While it would be preferable for the trial court to expressly state on the record that it has considered a defendant's present and future ability to pay a fine, it is not required. *State v. Parker,* 2nd Dist. No. 03CA0017, 2004-Ohio-1313, ¶ 42, citing *State v. Slater,* 4th Dist. No. 01 CA2806, 2002-Ohio-5343. "The court's consideration of that issue may be inferred from the record under appropriate circumstances." *Id.*

**{¶11}** The record in this case reveals the trial court made a specific finding that Appellant had a future ability to pay the fines and costs. For this reason, we cannot say the record demonstrates the trial court abused its discretion in imposing a fine and court costs. Further, because the trial court did not abuse its discretion in imposing the fine and costs, it was not error for the court to refuse to stay the imposition of the fines and costs.

**{¶12}** The Second District Court of Appeals has held a trial court lacks authority to stay the imposition of fines and costs once imposed. *See State v. Wilson* 2012 WL 1264519, 3 (Ohio App. 2 Dist.). They explain a trial court may waive fines and costs upon a finding of indigence, but there is no statutory authority for staying the fines and costs. *Id.* at ¶24.

**{¶13}** Appellant has provided no caselaw or statutory authority for the right to have fines and costs stayed.

**{¶14}** For these reasons, Appellant's proposed Assignment of Error is overruled.

**{¶15}** After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Court of Common Pleas, Holmes County, Ohio.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0521

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Appellee                           :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
DANNEL H. WEAVER                           :
                                           :
    Appellant                          :          Case No. 12 CA 11


      After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Court of Common Pleas, Holmes County, Ohio.

      Costs assessed to Appellant.


                                      _____


                                        _____


                                        _____

                                               JUDGES