[Cite as *State v. Jackson*, 2021-Ohio-1472.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| MORRIS JACKSON, JR., | : | Case No. 2020CA00165 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Stark County Court of Common Pleas, Case No. 2005-CR-1123(B)


JUDGMENT: Affirmed


DATE OF JUDGMENT: April 26, 2021


APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
Stark County, Ohio

By: VICKI L. DeSANTIS
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza South Ste. 510
Canton, Ohio 44702-1413

For Defendant-Appellant

MORRIS JACKSON, JR., *pro se*
Inmate No. A494-145
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44905

*Baldwin, J.*

{¶1} Defendant-appellant Morris Jackson, Jr. appeals from the October 29, 2020 Judgment Entry of the Stark County Court of Common Pleas denying his Motion for Ineffective Assistance of Counsel. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 5, 2005, appellant was indicted on two counts of aggravated robbery, one count of grand theft of a motor vehicle, one count of attempted kidnapping and three firearm specifications. Following a jury trial, the jury found appellant guilty on all four counts, as well as the firearm specifications. On November 28, 2005, the court imposed an aggregate sentence on appellant of thirty-two and one-half years in prison.

{¶3} Appellant filed a direct appeal. Pursuant to an Opinion filed on December 18, 2006 in *State v. Jackson*, Stark App. No. 2005 CA 00309, 2006-Ohio-6728, this Court affirmed appellant's conviction, but remanded this matter for a new sentencing hearing based on the Ohio Supreme Court's decision in *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470. The Ohio Supreme Court declined to accept further review. On June 11, 2007, appellant was resentenced to an aggregate sentence of thirty- two and a half years in prison.

{¶4} Appellant then appealed. Pursuant to an Opinion filed on July 28, 2008 in *State v. Jackson*, Stark App. No. 2007–CA–00204, 2008-Ohio-3907, this Court remanded the case for a second resentencing hearing based on the trial court's failure to advise appellant of post release control obligations.

{¶5} On July 14, 2008, appellant filed had a Petition to Vacate or Set Aside Sentence pursuant to R.C. 2953.21. As memorialized in a Judgment Entry filed on August

6, 2008, the trial court overruled the same. On August 18, 2008, appellant was resentenced to an aggregate sentence of thirty-two and a half years in prison. Appellant's motion to file a delayed appeal in the Ohio Supreme Court was denied.

{¶6} Appellant, on May 10, 2013, filed a Notice/Motion of Plain Error. The trial court, in a Judgment Entry filed on July 12, 2013, sustained the State's Motion to Dismiss and Motion for Summary judgment and dismissed appellant's Notice/Motion of Plain Error.

{¶7} Thereafter, on August 13, 2013, appellant filed a Post-Conviction Motion. The trial court, pursuant to a Judgment Entry filed on February 13, 2014, granted the State's Motion to Dismiss and Motion for Summary Judgment and dismissed appellant's Petition.

{¶8} On August 31, 2015, appellant filed a Petition to Vacate Void Sentence. Following a hearing held on October 19, 2015, appellant was resentenced to thirty-two and a half years in prison. Appellant, on August 22, 2016, filed a Notice of Plain Error and, on August 22, 2016, also filed a Motion to Void sentence for Non-Appealable order pursuant to R.C. 2505.02 and R.C. 2501.02. He also filed a Motion to Correct Judgment/Journal pursuant to Crim.R. 36 on the same date. The trial court, pursuant to a Judgment Entry filed on November 4, 2016, granted appellant's Motion to Correct Judgment Entry/Journal Entry in part and stated that it would issue a nunc pro tunc sentencing entry correcting the date of appellant's sentencing hearing, noting his in-person appearance, and including a calculation of appellant's jail time credit in the entry. The trial court denied appellant's Motion to Void sentence for Non-Appealable order and stated that with respect to his Notice of Plain Error, it would issue a nunc pro tunc entry

including a calculation of appellant's jail time credit. The trial court filed a Nunc Pro Tunc Sentencing Entry on November 4, 2016.

{¶9} Appellant, on June 13, 2019, filed a Motion to Vacate and Void Sentence/Merge Allied Offenses. The trial court denied the motion on August 22, 2019. Appellant attempted to appeal from such entry but this Court dismissed the appeal on the grounds that appellant had failed to perfect the appeal by filing the notice of appeal with the trial court. Appellant then filed a Notice of Appeal in the Ohio Supreme Court. However, his motion for a delayed appeal was denied on January 21, 2020.

{¶10} Appellant, on May 20, 2020, filed a Motion for Ineffective Assistance of Counsel. Appellant, in his motion, alleged that trial counsel was ineffective in failing to argue that witness identification evidence was impermissibly suggestive and in advising appellant that the State's preemptory challenges cannot be objected to. Appellant argued that trial counsel should have made a Batson challenge.

{¶11} The trial court, via a Judgment Entry filed on October 29, 2020, denied appellant's Motion for Ineffective Assistance of Counsel.   The trial court found that the motion was an untimely post-conviction motion and that appellant's arguments were barred by the doctrine of res judicata.

{¶12} Appellant now appeals, raising the following assignment of error on appeal:

{¶13} "I. INEFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO STRICKLAND V. WASHINGTON, 466 U.S. 668."

I

{¶14} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion for Ineffective Assistance of Counsel. We disagree.

**{¶15}** Appellant's motion was an untimely filed post-conviction motion. Appellant was obligated to file his petition for post-conviction relief no later than three hundred sixty-five days after the expiration of the time for filing the appeal. R.C. 2953.21. If a petition is untimely filed, the trial court is required to entertain the petition only if appellant could meet the requirements of R.C. 2953.23(A). The trial court may not entertain the untimely petition for post-conviction relief "unless the petitioner initially demonstrates * * * he was unavoidably prevented from discovering the facts necessary for the claim for relief [.]" *State v. Tolliver*, 10th Dist. Franklin No. 14AP-170, 2014-Ohio-4824, 2014 WL 5493878, ¶ 18; R.C. 2953.23(A)(1)(a). *State v. Dunkle*, 5th Dist. Licking No. 18-CA-86, 2019-Ohio-76, ¶ 16.

**{¶16}** Appellant's petition is delinquent, being related to a conviction that occurred over ten years prior to the filing of the petition and appellant makes no effort to argue that he was unavoidably prevented from discovering the errors he asserts. The trial court, therefore, had no jurisdiction to consider this petition. *State v. Apanovitch,* 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, reconsideration denied, 154 Ohio St.3d 1467, 2018-Ohio-5210, 114 N.E.3d 217.

**{¶17}** Moreover, "[u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk, 77 Ohio St.3d 95, 1996-Ohio 337, 671 N.E.2d 233 (1996) (Citations omitted).

{¶18} As noted by the trial court, appellant was appointed new counsel for his direct appeal.  Appellant could have raised the ineffective assistance of trial counsel claims in one of his direct appeals. Appellant's claims are, therefore, also barred by the doctrine of res judicata.

{¶19} Appellant's sole assignment of error is, therefore, overruled.

{¶20} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Wise, John, J. concur.